IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GINO ADAMSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action Number |
| | ) | **2:21-CV-00902-AMM** |
| v. | ) | |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Defendant**. | ) | |

## ANSWER

Defendant **City of Birmingham** (hereinafter the "City") a municipal corporation under the laws of the State of Alabama, by and through undersigned counsel files its Answer to Plaintiff's Complaint (Doc. 1) as follows:

## PRELIMINARY STATEMENT

1. Defendant admits Plaintiff is an employee of the City and purports to bring claims pursuant to the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended, but denies that Plaintiff has asserted cognizable claims or is entitled to any relief by this Court.

## STATEMENT OF JURISDICTION

2. Defendant admits Plaintiff purports to bring claims under the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of

1964, as amended, but denies that Plaintiff has asserted cognizable claims or is entitled to any relief by this Court.

3. Defendant admits this court would have jurisdiction over Plaintiff's claims as alleged if Plaintiff had a meritorious cause of action, but denies Defendant has engaged in any unlawful employment.

4. Defendant admits that venue would be proper in this Court, but denies that Plaintiff has asserted cognizable claims or is entitled to any relief by this Court.

## STATEMENT OF PARTIES

5. Defendant is without sufficient information to admit or deny the allegations of this paragraph of Plaintiff's Complaint, therefore Defendant denies these allegations.

6. Defendant admits that it is a municipal corporation under the laws of the State of Alabama and operates in Birmingham, Jefferson County, Alabama at all times relevant to the complaint. Defendant denies that it has "engaged in business." Defendant admits that at all times relevant to Plaintiff's Complaint it has operated in Birmingham, Alabama. Defendant admits it had the requisite number of employees for twenty or more calendar weeks in the current or preceding year, and thus admits that it is an "employer" as defined in 42 U.S.C. § 2000e-(b).

## STATEMENT OF FACTS

7. Defendant denies all allegations of this paragraph and demands strict proof thereof.

8. Defendant admits that Plaintiff began his employment with the City of Birmingham on or around April 13, 2009, as a Police Officer in the Birmingham Police Department ("BPD").

9. Defendant denies all allegations of this paragraph and demands strict proof thereof.

10. Defendant denies all allegations of this paragraph and demands strict proof thereof.

11. Defendant admits that on May 1, 2020, a face covering ordinance went into effect for all individuals within the City.

12. Defendant denies all allegations of this paragraph and demands strict proof thereof.

13. Defendant denies all allegations of this paragraph and demands strict proof thereof.

14. Defendant denies all allegations of this paragraph and demands strict proof thereof.

15. Defendant denies all allegations of this paragraph and demands strict proof thereof.

16. Defendant denies all allegations of this paragraph and demands strict proof thereof.

17. Defendant denies all allegations of this paragraph and demands strict proof thereof.

18. Defendant denies all allegations of this paragraph and demands strict proof thereof.

19. Defendant denies all allegations of this paragraph and demands strict proof thereof.

20. Defendant is without sufficient information to admit or deny the allegations of this paragraph of Plaintiff's Complaint, therefore Defendant denies these allegations.

21. Defendant denies all allegations of this paragraph and demands strict proof thereof.

22. Defendant denies all allegations of this paragraph and demands strict proof thereof.

23. Defendant denies all allegations of this paragraph and demands strict proof thereof.

24. Defendant denies all facts of this paragraph. This paragraph also contains conclusions of law that require no response, but to the extent a response is required Defendant denies all allegations and demands strict proof thereof.

25. Defendant denies all allegations of this paragraph and demands strict proof thereof.

26. Defendant denies all allegations of this paragraph and demands strict proof thereof.

27. Defendant denies all allegations of this paragraph and demands strict proof thereof.

28. Defendant denies all allegations of this paragraph and demands strict proof thereof.

29. Defendant denies all allegations of this paragraph and demands strict proof thereof.

30. Defendant denies all allegations of this paragraph and demands strict proof thereof.

31. Defendant denies all allegations of this paragraph and demands strict proof thereof.

32. Defendant denies all allegations of this paragraph and demands strict proof thereof.

33. Defendant admits that Plaintiff filed his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination (420-2021-00110) on September 16, 2020, but denies all other allegations of this paragraph.

34. Defendant denies all allegations of this paragraph and demands strict proof

thereof.

35. Defendant admits that the EEOC issued Plaintiff a Dismissal and Notice of Rights for Charge 420-2021-00110 on or around May 3, 2021 but denies all other allegations of this paragraph.

36. Defendant denies all allegations of this paragraph and demands strict proof thereof.

37. Defendant admits this paragraph.

### COUNT ONE: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITY ACT

38. Defendant adopts and reaffirms the responses stated in paragraphs 1 through 37 as if set forth fully herein.

39. This paragraph contains legal conclusions to which no response is required.

40. Defendant denies all facts of this paragraph. This paragraph also contains conclusions of law that require no response, but to the extent a response is required Defendant denies all allegations and demands strict proof thereof.

41. Defendant denies all allegations of this paragraph and demands strict proof thereof.

42. Defendant denies all allegations of this paragraph and demands strict proof thereof.

43. Defendant denies all allegations of this paragraph and demands strict proof thereof.

44. Defendant denies all allegations of this paragraph and demands strict proof thereof.

45. Defendant denies all allegations of this paragraph and demands strict proof thereof.

46. Defendant denies all allegations of this paragraph and demands strict proof thereof.

## COUNT TWO: RETALIATION UNDER THE AMERICANS WITH DISABILITY ACT

47. Defendant adopts and reaffirms the responses stated in paragraphs 1 through 46 as if set forth fully herein.

48. This paragraph contains legal conclusions to which no response is required.

49. Defendant denies all facts of this paragraph. This paragraph also contains conclusions of law that require no response, but to the extent a response is required Defendant denies all allegations and demands strict proof thereof.

50. Defendant denies all allegations of this paragraph and demands strict proof thereof.

51. Defendant denies all allegations of this paragraph and demands strict proof thereof.

52. Defendant denies all allegations of this paragraph and demands strict proof thereof.

## COUNT THREE: RACE DISCRIMINATION UNDER TITLE VII

53. Defendant adopts and reaffirms the responses stated in paragraphs 1 through 53 as if set forth fully herein.

54. This paragraph contains legal conclusions to which no response is required.

55. Defendant denies all allegations of this paragraph and demands strict proof thereof.

56. Defendant denies all allegations of this paragraph and demands strict proof thereof.

57. Defendant denies all allegations of this paragraph and demands strict proof thereof.

## COUNT FOUR: RETALIATION UNDER TITLE VII

58. Defendant adopts and reaffirms the responses stated in paragraphs 1 through 57 as if set forth fully herein.

59. Defendant admits that Plaintiff filed his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination (420-2021-00110) on September 16, 2020, but denies all other allegations of this paragraph.

60. Defendant denies all allegations of this paragraph and demands strict proof thereof.

61. Defendant denies all allegations of this paragraph and demands strict proof thereof.

62. Defendant denies all allegations of this paragraph and demands strict proof thereof.

63. Defendant denies all allegations of this paragraph and demands strict proof thereof.

The remainder of the Complaint state a demand for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

## DEFENDANT CITY OF BIRMINGHAM'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant City of Birmingham denies each and every material allegation of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant City of Birmingham pleads not guilty/liable to the general issue.

### THIRD DEFENSE

Defendant City of Birmingham asserts the defense of good faith.

### FOURTH DEFENSE

Defendant City of Birmingham denies Plaintiff was injured in the nature or to the extent claimed and contests damages.

## FIFTH DEFENSE

Defendant City of Birmingham denies Plaintiff is entitled to any damages, costs, or attorneys' fees or any other relief.

## SIXTH DEFENSE

Defendant City of Birmingham denies Plaintiff suffered damages as alleged in the Complaint and that if said damages were in fact sustained, they were caused by parties other than Defendant City of Birmingham.

## SEVENTH DEFENSE

Defendant City of Birmingham asserts the defense of immunity, whether qualified, absolute, discretionary, functional, good faith or substantive as a complete bar to this action.

## EIGHTH DEFENSE

Defendant City of Birmingham pleads the defenses of issue and claim preclusion, collateral estoppel and *res judicata*.

## NINTH DEFENSE

Any injury or damage suffered by Plaintiff was the result of his own willful, wanton, illegal or negligent conduct and she is therefore not entitled to recover even if Defendant City of Birmingham was negligent.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, or The Civil Rights Act of 1964 and/or Title VII.

## ELEVENTH DEFENSE

Defendant City of Birmingham's conduct does not clearly establish a violation of Plaintiff's Constitutional or statutorily protected federal right secured under the United States Constitution or by existing interpretive case law of the Eleventh United States Federal Circuit Court or the United States Supreme Court.

## TWELTH DEFENSE

Defendant City of Birmingham denies Plaintiff's Constitutional or federally protected rights were violated, abridged or denied to any extent by the allegations set forth in the Complaint.

## THIRTEENTH DEFENSE

Defendant City of Birmingham is not liable for the acts complained of in the Complaint unless they were pursuant to a policy, custom, pattern or practice. The City may not be liable under 42 U.S.C. §1983 due solely to *respondeat superior*. Plaintiff has failed to allege and cannot prove a City policy, custom or practice which violates Plaintiff's civil rights. *Scala v. City of Winter Park*, 116 F.3d 1396, 1401 (11th Cir. 1997).

## FOURTEENTH DEFENSE

Defendant City of Birmingham's hiring, training, discipline, supervision and other personnel decisions did not create or contain a policy, custom or practice of condoning gender discrimination.

## FIFTEENTH DEFENSE

Defendant City of Birmingham denies that they followed or created a policy, custom or practice sufficient to impose municipal liability by ratifying or adopting any alleged unlawful or unconstitutional act of its officers or by any other act or omission as alleged by the Plaintiff in the Complaint. Defendant City of Birmingham was not deliberately indifferent in its training, discipline, supervision and other personnel decisions of its employees and deny allegations that aver otherwise. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197 (1989).

## SIXTEENTH DEFENSE

Defendant City of Birmingham has no liability for any claims in the Complaint purportedly made under 42 U.S.C § 1983, 42 U.S.C. §2000e, *et seq*. as none of the alleged violations, deprivations, or unlawful acts were made pursuant to an unconstitutional or unlawful policy, custom or practice. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *City of St. Louis v. Praprotnic*, 485 U.S. 112; 108 S. Ct. 915 (1988).

## SEVENTEENTH DEFENSE

Defendant City of Birmingham has no liability for claims in the Complaint purportedly made under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, or The Civil Rights Act of 1964 and/or Title VII as none of the alleged violations, deprivations or unlawful acts were pursuant to a conspiracy to interfere with Plaintiff's rights.

## EIGHTEENTH DEFENSE

Punitive damages are barred against the City by the provisions of Ala. Code §6-11-20, 1975, *et seq.*, *City of Newport v. Facts Concerts*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

## NINETEENTH DEFENSE

Under the laws of the State of Alabama, the City as a duly incorporated municipal corporation is immune from the imposition of damages for injury done or wrongs suffered unless the injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality. §11-47-190 Code of Alabama 1975, as amended.

## TWENTIENTH DEFENSE

The City is not liable under the laws of the State of Alabama for the intentional, wanton, or reckless acts of its employees, agents or servants. *Hilliard v. City of Huntsville*, 585 So. 889 (Ala. 1991; §11-47-190 Code of Alabama 1975, as amended.

## TWENTY-FIRST DEFENSE

Defendant City of Birmingham denies that it's hiring, discipline, training, supervision and other personnel decisions were negligent, neither may such be inferred from the facts listed herein and it does not exist.

## TWENTY-SECOND DEFENSE

Defendant City of Birmingham denies that it or any of its agents, officers, or employees failed in regard to any duty owed to Plaintiff.

## TWENTY-THIRD DEFENSE

Defendant City of Birmingham asserts the defense of discretionary function immunity as provided in §6-5-338 Code of Alabama (1975) on any claims arising under state law.

## TWENTY-FOURTH DEFENSE

Defendant City of Birmingham asserts the defense of discretionary function immunity as provided in *Ex Parte City of Birmingham*, 624 So.2d 1018 (Ala. 1993), *Ex Parte Cranman*, 792 So.2d, 392 (Ala. 2000), *City of Birmingham v. Brown*, 939 So.2d, 910, Ala., February 23, 2007 (No. 1050798).

## TWENTY-FIFTH DEFENSE

Defendant City of Birmingham reserves the right to amend its Answer and raise additional defenses which become known via the discovery process.

## TWENTY-SIXTH DEFENSE

Each of Plaintiff's claims, or some of them, are or may be affected by the after-acquired evidence rule.

## TWENTY-SEVENTH DEFENSE

Any damages suffered by Plaintiff were the result of Plaintiff's own conduct and/or was the conduct of actors other than Defendant City of Birmingham.

## TWENTY-EIGHTH DEFENSE

Defendant City of Birmingham's conduct, decisions and/or actions were based upon neutral, objective, legitimate, nondiscriminatory and/or non-retaliatory criteria unrelated to any alleged protected classification of Plaintiff.

## TWENTY-NINTH DEFENSE

The Complaint should be dismissed in whole or in part as Plaintiff cannot establish a prima facie case under any theory of recovery.

## THIRTIETH DEFENSE

The Complaint should be dismissed in whole or in part as no causal connection exists between any of the challenged employment conduct, actions and/or decisions and any alleged unlawful harassing, discriminatory, and/or retaliatory motive.

## THIRTY-FIRST DEFENSE

Even if retaliation was a factor in the alleged adverse employment action(s), which it was not, the same decisions would have been made without regard to such a factor.

**THIRTY-SECOND DEFENSE**

Defendant City of Birmingham is not liable for punitive damages because any allegedly unlawful discriminatory actions were contrary to Defendant City of Birmingham's policies and its good faith efforts to comply with anti-discrimination laws.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred or limited in whole or in part by the applicable statute of limitations.

**THIRTY-FOURTH DEFENSE**

Defendant City of Birmingham made all employment decisions and took all employment actions with respect to Plaintiff based on legitimate, nondiscriminatory reasons unrelated to her gender or any allege statutorily protected status.

**THIRTY-FIFTH DEFENSE**

Defendant City of Birmingham is not liable for punitive damages because Plaintiff is unable to prove that any allege discrimination was engaged in with malice or reckless indifference to the federally protected rights of Plaintiff.

**THIRTY-SIXTH DEFENSE**

A. Any demand for punitive damages violates the Sixth Amendment of the U.S. Constitution in that such claim for punitive damages is a claim that is penal in nature,

entitling Defendant City of Birmingham to the same procedural safeguards accorded to a criminal Defendant City of Birmingham under the Sixth Amendment.

B. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the U.S. Constitution in that the damages claimed are penal in nature while Defendant City of Birmingham is required to disclose documents and/or other evidence without safeguard against self-incrimination set out in the Fifth Amendment.

C. Any demand for punitive damages violates the Fifth Amendment of the U.S. Constitution's prohibition on the depravation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any government interests.

D. Punitive damage awards under the statutes alleged are not governed by any specific standards, are not based on rational distinctions and do no serve any legitimate state interest. Consequently, such awards violate the Fifth Amendment of the U.S. Constitution.

E. The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the U.S. Constitution.

F. Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fifteenth and Sixteenth Amendments to the U.S. Constitution, including, without

limitation, requiring proof beyond a reasonable double and imposing civil penal files in excess of those fines that could be imposed under criminal law.

## THIRTY-SEVENTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that Plaintiff has failed to follow Defendant City of Birmingham's internal policies and procedures related to, inter alia, any discrimination, harassment or retaliation claims.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

## THIRTY-NINTH DEFENSE

Plaintiff's Complaint alleges illegal conduct that was not alleged in the charge filed with the EEOC, and the allegations reasonably could not be expected to flow from any investigation by the EEOC. For this reason, Plaintiff failed to exhaust Plaintiff's administrative remedies as required by 42 U.S.C. § 2000e-5(b) and (c).

## FORTIETH DEFENSE

Plaintiff's suit is barred by laches. The length of time between the alleged unlawful employment practice and the filing of the complaint was unreasonable and unconscionable, and this delay by Plaintiff in filing the Complaint resulted in injury and prejudice to Defendant.

**WHEREFORE**, Defendant requests that this matter be dismissed, and that Defendant be reimbursed its costs and attorney fees expended in the defense of this matter.

Respectfully submitted,

/s/Samantha A. Chandler
Assistant City Attorney

**OF COUNSEL**
**City of Birmingham**
**Office of the City Attorney**
710 North 20th Street, Room 600
Birmingham, Alabama 35203
Telephone:  (205) 254-2369
Facsimile:   (205) 297-8120
Email: samantha.chandler@birminghamal.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2022, the undersigned served a copy of the forgoing on the following by electronically filing same using the CM/ECF system, which will send notification to the following:

Scott Morro
Zachary Morro
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
morrolawcenter@bellsouth.net
zsmorro@zsmlaw.com

/s/Samantha A. Chandler
OF COUNSEL